**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| STRATEGIC ALTERNATIVE FUNDS GROUP, LLC<br><br>　　　　Plaintiff,<br>　　v.<br><br>ASSET CLASS LTD and ASSET CLASS SOFTWARE, INC.<br><br>　　　　Defendants. | Case No.: 24-cv-2276 (LGS)<br><br>**[Proposed] CONFIDENTIALITY AGREEMENT AND STIPULATED PROTECTIVE ORDER** |

WHEREAS, Plaintiff Strategic Alternative Funds Group, LLC and Defendants Asset Class Ltd and Asset Class Software, Inc., having agreed to the following terms of confidentiality, and the Court having found good cause exists for the issuance of an appropriately tailored confidentiality agreement and protective order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, it is hereby

ORDERED that the following restrictions and procedures shall apply to the information and documents exchanged by the parties in connection with the above-captioned action:

## I.   DEFINITIONS

### A.   Designated Material

The term "Designated Material" shall mean any Discovery Material (as defined in Section I.C.) designated by a Producing Party (as defined in Section I.E.) as either "CONFIDENTIAL INFORMATION" or "HIGHLY CONFIDENTIAL INFORMATION – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" in accordance with Section III below.  All Designated Material and information or material copied or derived therefrom, and all copies, excerpts, and summaries thereof, as well as testimony and

oral conversations which reveal that information, shall be treated as and hereinafter referred to as Designated Material.

        B.        **Designations Defined**

        1.        "CONFIDENTIAL INFORMATION" comprises or contains information (regardless of how it is generated, stored, or maintained) that the Producing Party claims in good faith to constitute or relate to sensitive business, financial, or commercial information that is not publicly available and provides a commercial advantage to its possessor and the disclosure of which to persons other than those set forth in Section V.A. below, in accordance with the provisions of Section V.D. below, would create a substantial risk of serious harm that could not be avoided by less restrictive means.

        2.        "HIGHLY CONFIDENTIAL INFORMATION – ATTORNEYS' EYES ONLY" means any Confidential Information (regardless of how it is generated, stored, or maintained) that comprises a Party's trade secrets or otherwise derives independent economic value, actual or potential, from not being generally known to, or readily ascertainable through proper means by, other persons who can obtain economic value from its disclosure or use and is the subject of the Producing Party's efforts that are reasonable under the circumstances to maintain its secrecy.  Such information includes, but is not limited to, customer and user data, marketing plans, and financial information (including sales, revenue and profit information), the disclosure of which to persons other than those set forth in Section V.B. below, in accordance with the provisions of Section V.D. below, would create a substantial risk of serious harm that could not be avoided by less restrictive means.

        3.        "HIGHLY CONFIDENTIAL – SOURCE CODE" means Confidential Information (regardless of how it is generated, stored, or maintained) that comprises computer

code and associated comments and revision histories, formulas, data structures and flows, engineering specifications, or schematics that define or otherwise describe in detail the algorithms or structure of software designs or system operations, which by its nature presents a substantial risk of serious harm by disclosure to persons other than those set forth in Section V.C. below, in accordance with the provisions of Section V.D. below, that could not be avoided by less restrictive means.

C.     **Discovery Material**

The term "Discovery Material" shall mean any Document (as defined in Local Civil Rule 26.3(c)), material, item, testimony, or thing filed with or presented to the Court or produced, served, exchanged, or generated during the discovery process, including, for example, exhibits; answers to interrogatories; responses to requests for production and any documents produced in connection therewith; responses to requests for admissions; subpoenas; declarations; affidavits; letters; emails; deposition testimony or transcripts; and all copies, extracts, summaries, compilations, designations, and portions thereof.

D.     **Party or Parties**

The term "Party" shall mean any of Plaintiff Strategic Alternative Funds Group, LLC and Defendants Asset Class Ltd and Asset Class Software, Inc., together the "Parties."

E.     **Producing Party**

The term "Producing Party" shall mean any Party to the Litigation or any non-party, including its counsel, retained experts, directors, officers, employees, or agents, who produces any Discovery Material.

F.     **Receiving Party**

The term "Receiving Party" shall mean any Party to the Litigation, including its

counsel, retained experts, directors, officers, employees, or agents, who receives any Discovery Material.

        G.      **Litigation**

The term "Litigation" shall mean the above captioned action, entitled *Strategic Alternative Funds Group v. Asset Class Ltd and Asset Class Software, Inc.*, Case No: 24-cv-2276 (LGS).

## II.      RESTRICTION ON DISCLOSURE AND USE OF DESIGNATED MATERIAL

### A. Scope

This Order shall encompass all Discovery Material produced during this Litigation except that this Order shall not encompass information that (a) is lawfully in the possession of or otherwise known to the Receiving Party, (b) lawfully comes into the possession of the Receiving Party by means other than by production by Producing Party, or (c) lawfully comes into the possession of or otherwise becomes known to the public after the date of its transmission to the Receiving Party, provided that such information does not become publicly known by any act or omission of the Receiving Party that would be in violation of this Order.

### B. Purpose

Designated Materials shall be used solely for purposes of and in connection with this Litigation and the information contained therein shall not be used or disclosed for any other purpose, including, without limitation, any business or commercial purpose.

### C. Confidentiality

Designated Material and the information derived from such Designated Material (excluding information which is derived lawfully from an independent source) shall not be given, shown, made available, discussed, or otherwise communicated or disclosed in any manner, either

directly or indirectly, to any person not authorized to receive the information under the terms of this Order.

### D.  **Maintenance of Designated Material**

Designated Material shall be maintained by the Receiving Party at a location and under circumstances reasonably designed to ensure compliance with this Order.  The Receiving Party shall protect the confidentiality of Designated Material using procedures that are no less stringent than the measures used to protect the Receiving Parties' own Designated Material or similar confidential material.

### E.  **Discovery from Non-Parties**

Information sought or obtained from a person not a Party to the Litigation shall be treated as Designated Material if requested by the non-party.  Any such information designated as "CONFIDENTIAL INFORMATION" or "HIGHLY CONFIDENTIAL INFORMATION – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" pursuant to Section III by a non-party will be accorded the same protection as the Parties' Designated Material and will be subject to the same procedures as those governing disclosure of the Parties' Designated Material pursuant to this Order.  Any Party may seek to challenge designations by a non-party under the provisions of Section IV.B. after providing at least seven (7) business days written notice to the non-party and agreeing that it will not object to the non-party appearing in this Litigation for the limited purpose of seeking to preserve its requested designation.

### F.  **Unintentional Disclosure of Designated Material**

If Designated Material, or any portion thereof, is disclosed by the Receiving Party to any person or Party not authorized to receive such Designated Material under this Order, then the Receiving Party shall use its best efforts to immediately retrieve all copies of such Designated

5

Material, and to bind such person or Party to the terms of this Order.  In such event, the Receiving Party shall also (a) promptly inform such person or Party of all provisions of this Order; (b) immediately identify such person or Party to the Producing Party; and (c) request that such person or Party execute the Undertaking in Exhibit A.

G.  **Non-Waiver of Rights**

The production, receipt, designation, failure to designate or failure to challenge the designation of any Discovery Material in the Litigation, including materials designated by the Producing Party as "CONFIDENTIAL INFORMATION" or "HIGHLY CONFIDENTIAL INFORMATION – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE", or otherwise complying with the terms of this Protective Order, shall not: (a) operate as an admission by any Party that any particular Discovery Material contains or reflects, or does not contain or reflect, trade secrets or any other type of confidential or proprietary information; (b) prejudice the rights of a Party to object to the production of Discovery Material that the Party does not consider to be within the scope of discovery; (c) prejudice the rights of a Party to seek a determination by the Court that particular Discovery Materials be produced; (d) prejudice the rights of a Party to object to the admissibility of any Discovery Materials; (e) prejudice the rights of a Party to seek further protection from the court prohibiting access, disclosure, sharing or use of such information; or (f) prevent the Parties from agreeing in writing to alter or waive the provisions or protections provided for in this Protective Order with respect to any particular Discovery Material.

## III.    PROCEDURE FOR MARKING DESIGNATED MATERIAL

Any Producing Party may mark Designated Material as "CONFIDENTIAL INFORMATION" or "HIGHLY CONFIDENTIAL INFORMATION – ATTORNEYS' EYES

ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" in accordance with this Order. The burden of establishing that Designated Material is "CONFIDENTIAL INFORMATION" or "HIGHLY CONFIDENTIAL INFORMATION – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" as defined herein shall be on the Producing Party. The designation of Designated Material by a Producing Party shall be deemed effective unless and until the Court orders otherwise or the Producing Party withdraws the designation. Designated Material must be marked in the following manner:

A. In the case of documents or any other tangible thing produced, designation shall be made by placing the legend "CONFIDENTIAL INFORMATION" or "HIGHLY CONFIDENTIAL INFORMATION – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" on each page of the document or in a prominent place on any other tangible thing prior to production of the document or tangible thing along with an identifying designation, e.g., production number prefix of the identity of the Producing Party;

B. In the case of electronically stored information ("ESI") produced in native format, designation shall be made by contemporaneously producing a production numbered slip sheet bearing the legend "CONFIDENTIAL INFORMATION" or "HIGHLY CONFIDENTIAL INFORMATION – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" and including the corresponding production number in the file name of the native-format file (e.g., SAF_000123). Any Party printing or otherwise creating a tangible copy of the native file shall include the legend "CONFIDENTIAL INFORMATION" or "HIGHLY CONFIDENTIAL INFORMATION – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" on each page of the document;

C. In producing original files and records for inspection, no marking need be made by

7

the Producing Party in advance of the inspection.  For the purposes of the inspection, all documents produced shall be considered as marked "HIGHLY CONFIDENTIAL INFORMATION – ATTORNEYS' EYES ONLY."  Thereafter, upon selection of specified documents for copying by the Receiving Party, the Producing Party shall mark as "CONFIDENTIAL INFORMATION" or "HIGHLY CONFIDENTIAL INFORMATION – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" as applicable, the copies of such documents that may contain "CONFIDENTIAL INFORMATION" or "HIGHLY CONFIDENTIAL INFORMATION – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" as defined in Paragraphs I.B.1 through I.B.3 at the time the copies are produced to the Receiving Party.  There will be no waiver of confidentiality by inspection of "CONFIDENTIAL INFORMATION" or "HIGHLY CONFIDENTIAL INFORMATION – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" information before it is copied and marked pursuant to this Order;

D. In the case of testimony provided during a deposition or hearing, transcripts or portions thereof shall be designated by the Producing Party either (i) on the record during the deposition or hearing, in which case the pages of the transcript containing the Designated Material shall be marked "CONFIDENTIAL INFORMATION" or "HIGHLY CONFIDENTIAL INFORMATION – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" as applicable, by the reporter, as a Party may direct; or (ii) by captioned, written notice to the reporter and all counsel of record, given within ten (10) business days after the reporter sends written notice to the witness or the witness's counsel that the transcript is available for review, in which case all counsel receiving such notice shall be responsible for marking copies of the designated transcript or portion thereof in their possession or control as directed by the Producing

8

Party or witness.  If no written notice is provided, the designation(s), if any, made during the deposition or hearing will control.  If written notice is provided, the designation(s) provided in such notice shall be effective upon receipt.  No person other than a court reporter or Court personnel shall attend the designated portions of such depositions unless such person is an authorized recipient of Designated Material under the terms of this Order;

E.  In the event that a deposition or hearing is attended only by persons authorized to receive Designated Material, counsel may, for purposes of efficiency, state on the record that the entire transcript for that day is to be treated as Designated Material until such time as there is a written request to specifically identify the portions of the transcript that are "CONFIDENTIAL INFORMATION" or "HIGHLY CONFIDENTIAL INFORMATION – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE."  In the event of such request, the Party desiring to maintain treatment of any portion of the transcript as CONFIDENTIAL INFORMATION" or "HIGHLY CONFIDENTIAL INFORMATION – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" shall specify, by page and line numbers, the designated portions within fifteen (15) business days of the written request received after the other Party's receipt of the transcript.

## IV.  CONTESTING THE DESIGNATION

A. No Party to this Litigation shall be obligated to challenge the propriety of any designation by any Producing Party, and a failure to do so shall not constitute a waiver or in any way preclude a subsequent challenge in the Litigation to the propriety of such designation.

B. Any Party may contest a claim of confidentiality.  Any Party objecting to the designation of any Discovery Material as "CONFIDENTIAL INFORMATION" or "HIGHLY CONFIDENTIAL INFORMATION – ATTORNEYS' EYES ONLY" or "HIGHLY

CONFIDENTIAL – SOURCE CODE" must give counsel for the Producing Party (or, if the Producing Party is not represented by counsel, the Producing Party itself) written notice of its reasons for the objection at least sixty (60) days prior to the commencement of trial in this Litigation.  The Producing Party will have ten (10) business days after receipt of such notice to change the designation or respond in writing why the designation is appropriate.  Failing resolution after service of the written notice of its reasons for the objection, the Party objecting may, on a duly noticed motion, seek an order changing or removing the designation.  The Producing Party asserting confidentiality has the burden of showing that the designation is appropriate.  The information designated as "CONFIDENTIAL INFORMATION" or "HIGHLY CONFIDENTIAL INFORMATION – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" shall remain as such (i) unless the Producing Party does not respond in writing why the designation is appropriate within the applicable notice period after receipt of the written notice of the objecting Party's reasons for the objection; (ii) until the matter is resolved by the Court order; or (iii) until agreement of the Producing Party.

## V.    DISCLOSURE OF DESIGNATED MATERIALS

A.  Unless otherwise directed by the Court or authorized in writing by the Producing Party, Discovery Material designated as "CONFIDENTIAL INFORMATION" under this Order may be disclosed by the Receiving Party only to the following persons:

1.    counsel of record for the Receiving Party, including their regularly employed support staff (law clerks, paralegals, secretaries, and clerical staff) assisting with the Litigation;

2.    one officer, director, or employee of the Receiving Party responsible for management and control of the litigation, as designated by the Receiving Party, for which Plaintiff

hereby designates _____ and Defendants hereby designate _____;

3.      Judges, Magistrate Judges, law clerks, and clerical personnel of the Court before which the Litigation is pending including any appellate Court, and the jury, if any;

4.      court reporters and other persons involved in recording or transcribing hearings, trial testimony, or deposition testimony in the Litigation;

5.      consultants (not including trial and jury consultants) or experts and their staff who are expressly retained or sought to be retained by an attorney described in Paragraph 1 of this Section to provide assistance in the Litigation, provided that any such persons first execute the Undertaking in Exhibit A.  Disclosures under this subparagraph are to be made only to the extent necessary to perform such assistance;

6.      any person who authored and/or received, before the commencement of the Litigation, the particular "CONFIDENTIAL INFORMATION" sought to be disclosed to that person, or any witness testifying in a deposition or hearing when the examining attorney has a good faith basis to believe the witness is the author and/or received, before commencement of the Litigation, the particular "CONFIDENTIAL INFORMATION" sought to be disclosed to that witness.  Any witness testifying in a deposition or hearing may be shown "CONFIDENTIAL INFORMATION" of a Producing Party provided that the witness is: (a) a current employee, attorney, director, officer, or agent of the Producing Party, or a corporate designee of the Producing Party under Rule 30(b)(6) of the Federal Rules of Civil Procedure; or (b) a former employee, attorney, director, officer, or agent of the Producing Party; provided that, at the time of the witness' employment or position as attorney, director, officer or agent, the "CONFIDENTIAL INFORMATION" was in existence and the witness had access to or knowledge of, such "CONFIDENTIAL INFORMATION";

11

7. litigation support vendors retained by outside counsel for such functions as photocopying, scanning, stenography, videography, imaging, or preparation of graphics, demonstratives, and audio and/or video productions of other exhibits for deposition, trial, or other court proceedings in the Litigation, but only if they execute the Undertaking in Exhibit A, and only to the extent necessary for the particular litigation support services being rendered and in accordance with the vendor's ordinary operating procedure; and

8. trial and jury consultants engaged by the Parties in preparation for trial, provided that (i) trial and jury consultants will not be allowed to retain any tangible materials that contain or disclose any CONFIDENTIAL INFORMATION; and (ii) any such persons first execute the Undertaking in Exhibit A.

B. Unless otherwise directed by the Court or authorized in writing by the Producing Party, Discovery Material designated as "HIGHLY CONFIDENTIAL INFORMATION – ATTORNEYS' EYES ONLY" under this Order may be disclosed by the Receiving Party only to the following persons:

1. counsel of record for the Receiving Party, including their regularly employed support staff (law clerks, paralegals, secretaries, and clerical staff) assisting with the Litigation;

2. Judges, Magistrate Judges, law clerks, and clerical personnel of the Court before which the Litigation is pending including any appellate Court, and the jury, if any;

3. court reporters and other persons involved in recording or transcribing hearings, trial testimony, or deposition testimony in the Litigation;

4. consultants (not including trial and jury consultants), or experts and their staff who are expressly retained or sought to be retained by an attorney described in Paragraph 1

of Section V.B. to provide assistance in the Litigation, provided that any such persons first execute the Undertaking in Exhibit A. Disclosures under this Paragraph are to be made only to the extent necessary to perform such assistance;

5. any person who authored and/or received, before the commencement of the Litigation, the particular "HIGHLY CONFIDENTIAL INFORMATION – ATTORNEYS' EYES ONLY" sought to be disclosed to that person, or any witness testifying in a deposition or hearing when the examining attorney has a good faith basis to believe the witness is the author and/or received, before commencement of the Litigation, the particular "HIGHLY CONFIDENTIAL INFORMATION – ATTORNEYS' EYES ONLY" information sought to be disclosed to that witness. Any witness testifying in a deposition or hearing may be shown "HIGHLY CONFIDENTIAL INFORMATION – ATTORNEYS' EYES ONLY" information of a Producing Party provided that the witness is: (a) a current employee, attorney, director, officer, or agent of the Producing Party, or a corporate designee of the Producing Party under Rule 30(b)(6) of the Federal Rules of Civil Procedure; or (b) a former employee, attorney, director, officer, or agent of the Producing Party; provided that at the time of the witness' employment or position as attorney, director, officer or agent, the "HIGHLY CONFIDENTIAL INFORMATION – ATTORNEYS' EYES ONLY" information was in existence and the witness had access to or knowledge of such "HIGHLY CONFIDENTIAL INFORMATION – ATTORNEYS' EYES ONLY" information;

6. litigation support vendors retained by outside counsel for such functions as photocopying, scanning, stenography, videography, imaging, or preparation of graphics, demonstratives, and audio and/or video productions of other exhibits for deposition, trial, or other court proceedings in the Litigation, but only if they execute the Undertaking in Exhibit A, and only to the extent necessary for the particular litigation support services being rendered and in

accordance with the vendor's ordinary operating procedure; and

7.      trial and jury consultants engaged by the Parties in preparation for trial, provided that (i) trial and jury consultants will not be allowed to retain any tangible materials that contain or disclose any "HIGHLY CONFIDENTIAL INFORMATION – ATTORNEYS' EYES ONLY"; and (ii) any such persons first execute the Undertaking in Exhibit A.

C.  Unless otherwise provided for in this Agreement, or as directed by the Court or authorized in writing by the Producing Party, Designated Material designated as "HIGHLY CONFIDENTIAL – SOURCE CODE" shall be subject to all of the protections afforded to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information, and may be disclosed only to the individuals to whom "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information may be disclosed, as set forth in Section V.B.  Further:

1.      Any Designated Material designated as "HIGHLY CONFIDENTIAL – SOURCE CODE" produced in discovery shall be made available for inspection, in a format allowing it to be reasonably reviewed and searched, during normal business hours or at other mutually agreeable times, at an office of the Producing Party's counsel or another mutually agreed upon location.  Such Designated Material shall be made available for inspection on a secured computer in a secured room without Internet access or network access to other computers, and the Receiving Party shall not copy, remove, or otherwise transfer any portion of such materials onto any recordable media or recording device.  During the inspection, the Receiving Party shall not possess any recordable media or recording devices that permit copying, removing, or otherwise transferring any portion of such materials from the secured computer.  The Receiving Party shall be permitted to take notes relating to the materials being inspected, but may not copy the materials, or any portion of the materials, into the notes and may not take such notes on the secured computer

14

itself.  The Receiving Party may, notwithstanding the prohibition of recording devices above, take such notes on one computer with network access disabled.  The Producing Party may visually monitor the activities of the Receiving Party's representatives during the review and search, but only to ensure that there is no unauthorized recording, copying, or transmission of such materials;

2.    The Receiving Party may request production of paper copies of limited portions of the materials designated as "HIGHLY CONFIDENTIAL – SOURCE CODE" that are reasonably necessary for the preparation of court filings, pleadings, expert reports, or other papers, or for deposition or trial, but shall not request paper copies for the purposes of reviewing such materials other than electronically as set forth in paragraph V.C.1. The Producing Party shall provide such materials in paper form including production numbers and the label "HIGHLY CONFIDENTIAL - SOURCE CODE." The Producing Party may challenge the amount of materials requested in paper form pursuant to the dispute resolution procedure and timeframes set forth in Paragraph IV whereby the Producing Party is the Party objecting to the request and the Receiving Party is the Party having the burden of establishing that the substance of the requested materials and the requested quantity of materials in paper form are in fact reasonably necessary for court filings, pleadings, expert reports, or other papers, or for deposition or trial purposes;

3.    The Receiving Party shall maintain a record of any individual who has inspected any portion of Designated Material designated as "HIGHLY CONFIDENTIAL – SOURCE CODE" in electronic or paper form.  The Receiving Party shall maintain all paper copies of any printed portions of the Designated Material designated as "HIGHLY CONFIDENTIAL – SOURCE CODE" in a secured, locked area.  The Receiving Party shall not create any electronic or other images of the paper copies and shall not convert any of the information contained in the paper copies into any electronic format.  The Receiving Party shall only make additional paper

copies if such additional copies are necessary: (1) to prepare court filings, pleadings, or other papers (including a testifying expert's expert report), (2) for deposition, or (3) for use at trial. The Receiving Party shall ensure that access to any paper copies is restricted to those who are entitled to have access to them as specified herein, and, if filed with the Court, filed under seal in accordance with the Court's rules, procedures and orders. Any paper copies used during a deposition shall be retrieved by the Producing Party at the end of each day and must not be given to or left with a court reporter or any other unauthorized individual;

4.      No Receiving Party may access or transport materials designated as "HIGHLY CONFIDENTIAL – SOURCE CODE" outside of the United States at any time without express written consent from the Producing Party.

D.   Before any consultant or expert is afforded access to Discovery Material designated as "CONFIDENTIAL INFORMATION" or "HIGHLY CONFIDENTIAL INFORMATION – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL - SOURCE CODE" under this Order, the Receiving Party shall provide the Producing Party with a signed copy of the Undertaking set forth in Exhibit A hereto and a current resume or curriculum vitae of the consultant or expert, together with (i) a list of publications authored by such consultant or expert; (ii) any known consulting or other relationship of the consultant or expert to any other Party in this action within the last five (5) years (excluding non-testifying litigation consulting, the existence of which is presumed to be protected from disclosure by attorney work product immunity); and (iii) the name, case number, filing date and court of any litigation in which the consultant or expert has provided expert testimony, including through an expert report or declaration, regardless of whether any testimony was actually provided at a deposition or trial, during the preceding five (5) years. The Parties shall also disclose experts in accordance with any schedule issued by this Court. The

16

Producing Party shall have seven (7) business days from the receipt of the foregoing information to provide written objections to the disclosure of the Discovery Material to such proposed consultant or expert. The written objections shall include the legal and factual basis as well as documentary evidence supporting the objection to the disclosure of Discovery Material to such proposed consultant or expert. Following a timely objection, the Producing Party's Discovery Material will not be disclosed to the proposed consultant or expert until the objection is resolved. The Parties shall have seven (7) business days after an objection is raised to negotiate the terms under which the proposed consultant or expert may be given access to the Discovery Material. If the Parties are unable to resolve their differences with respect to materials designated as "CONFIDENTIAL INFORMATION" or "HIGHLY CONFIDENTIAL INFORMATION – ATTORNEYS' EYES ONLY" the Party objecting to disclosure may apply to the Court for relief, and the burden shall be on that Party to demonstrate good cause why its Discovery Material may not be shown to the proposed consultant or expert. If no such application to the Court is made within ten (10) business days of the written objection, the objection will be deemed waived, and the proposed consultant or expert may be afforded access to the Discovery Material. If an application is made to the Court, however, the materials will continue to be treated as Discovery Material in accordance with this Order and will not be disclosed to the proposed consultant or expert during the time the Court considers the application. If the Parties are unable to resolve their differences with respect to materials designated as "HIGHLY CONFIDENTIAL - SOURCE CODE" the Party seeking to disclose such material may apply to the Court for relief, and the burden shall be on that Party to demonstrate good cause why disclosure to the proposed consultant or expert should be permitted over the objections of the Producing Party, taking into account the risk of harm that the disclosure would entail (under any safeguards proposed) in comparison to the

17

Receiving Party's need to disclose the materials to its retained expert or consultant in connection with the proceedings.  Absent written approval of the Producing Party or a court order authorizing disclosure, Discovery Materials designated as "HIGHLY CONFIDENTIAL – SOURCE CODE" may not be disclosed to a proposed consultant or expert.

## VI.    COURT PROCEDURES

Designated Material may be included with, or referred to in, papers filed with the Court in the Litigation only in accordance with the following procedures:

Any materials designated as "CONFIDENTIAL INFORMATION" or "HIGHLY CONFIDENTIAL INFORMATION – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" that are submitted to the Court in support of or in opposition to a motion introduced at a hearing or during trial must be accompanied by a motion to seal such documents.  Documents may be filed under seal only as provided in Judge Schofield's Rule I.D.3.

## VII.    UNINTENTIONAL FAILURE TO DESIGNATE

If any Producing Party discovers that it has inadvertently failed to designate and mark any Discovery Material as "CONFIDENTIAL INFORMATION" or "HIGHLY CONFIDENTIAL INFORMATION – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL - SOURCE CODE," the Producing Party may subsequently inform the Receiving Party of the confidential nature of the disclosed Designated Material, and the Receiving Party shall treat the Discovery Material as "CONFIDENTIAL INFORMATION" or "HIGHLY CONFIDENTIAL INFORMATION – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL - SOURCE CODE" upon receipt of written notice from the Producing Party, subject to the right to contest the designation as set forth in Section IV above.

## VIII.    UNINTENTIONAL DISCLOSURE OF PRIVILEGED MATERIAL

If any Producing Party inadvertently or mistakenly produces privileged material, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of privilege, work-produce immunity, or any other applicable privilege for the inadvertently produced document or thing.  When a Producing Party gives notice to the Receiving Party that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Party are those set forth in Fed. R. Civ. P. 26(b)(5)(B).

The Producing Party may give written notice to the Receiving Party that the document is subject to a claim of privilege and request that the document be destroyed or returned to the Producing Party.  Within five (5) business days of receiving written notice of the privilege claim, the Receiving Party shall return or destroy all copies of such document.  While the receiving Party may challenge the privilege claim, it shall not rely upon the act of inadvertent or mistaken production as a basis for challenging the privilege claim.

## IX.    FINAL DISPOSITION

Unless otherwise agreed by the Parties in writing or ordered by the Court, within thirty (30) days after the conclusion of the Litigation and all appeals, each Receiving Party shall return to the Producing Party or, upon permission of the Producing Party, destroy all Designated Material designated as "CONFIDENTIAL INFORMATION" or "HIGHLY CONFIDENTIAL INFORMATION – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL - SOURCE CODE."  Each Party's counsel shall certify in writing that all such documents and things are returned or destroyed.

## X.    SURVIVAL OF OBLIGATIONS

The termination of this Litigation shall not automatically terminate the obligations set forth in this Order, and persons subject to this Order shall be bound by the confidentiality obligations of this Order until the Producing Party agrees otherwise in writing or any court orders otherwise.

## XI.    USE AT TRIAL OR OTHER COURT PROCEEDINGS

The parties acknowledge that the Court retains discretion as to whether, in Orders and Opinions, to afford confidential treatment to information that the parties have redacted, sealed or designated as confidential.

**SO ORDERED.**

Dated: July 18, 2024
         New York, New York

_____
        **LORNA G. SCHOFIELD**
    **UNITED STATES DISTRICT JUDGE**

Counsel for the Parties:

| | |
|---|---|
| **NORRIS McLAUGHLIN, P.A.** | **GISH PLLC** |
| Alan Tenenbaum | Andrew D. Gish |
| Benjamin D. Schwartz | Michael M. Powell |
| 7 Times Square, 21st Fl. | 41 Madison Avenue, Floor 31 |
| New York, NY 10036 | New York, NY 10010 |
| atenenbaum@norris-law.com | michael@gishpllc.com |
| bschwartz@norris-law.com | andrew@gishpllc.com |
| (212)-808-0700 | (212) 518-2866 |
| *Attorneys for Plaintiff* | *Attorneys for Defendants* |

**EXHIBIT A**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| STRATEGIC ALTERNATIVE FUNDS GROUP, LLC<br><br>        Plaintiff,<br>    v.<br><br>ASSET CLASS LTD and ASSET CLASS SOFTWARE, INC.<br><br>        Defendants. | Case No.: 24-cv-2276 (LGS)<br><br>**CONFIDENTIALITY AGREEMENT AND STIPULATED PROTECTIVE ORDER - UNDERTAKING** |

I, _____, acknowledge that I have read and understand the Confidentiality Agreement and Stipulated Protective Order in this action governing the non-disclosure of discovery material that have been designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE." I agree that I will not disclose such material to anyone other than as permitted in the Confidentiality Agreement and Stipulated Protective Order for the purposes of this litigation, and that at the conclusion of the litigation I will either return all discovery material to the party or attorney from whom I received it, or upon permission of the producing party, destroy such discovery material.

I further agree to submit to the jurisdiction and venue of the United States District Court for the Southern District of New York for the purpose of enforcing the terms of this Protective Order, even if such enforcement proceedings occur after termination of this litigation.

Dated: _____, 20___

_____          _____
Name (printed)                                    Signature

21